R. E. PATTERSON *v.* JOSEPH W. PATTERSON, and others.

Where land was devised to the widow of the testator for her life, and afterwards to a son, in fee: "provided he pays within two years from her death $150.00 to the heirs of my son William ": *Held* that the land was charged with this sum, and therefore that a purchaser of it for value from the widow and remainderman, with notice of the sum charged as above, was liable for it to the legatees, in case they could not get it from such remainderman.

BILL, set down for argument upon general demurrer, at Spring Term 1868 of the Court of Equity of RANDOLPH, and transferred to this Court.

The complainants are the heirs at law of William Patterson deceased, and their claim for relief is founded upon the following clause in the will of their grand-father John Patterson:

" Item.   I give and devise to my wife Mary, my tract of land lying in Forsythe county, to have and to hold, during her life.   At her death, I give and devise the above tract of land to my son Joseph, to have and to hold, in fee simple forever, provided he pays within two years from her death, one hundred and fifty dollars, to the heirs of my son William or their lawful attorney."

Mary Patterson, the widow of the testator, and the devisee, Joseph W. Patterson, sold the land to one R. Franklin Payne,

NOTE.—Judge Dick did not sit in this case, having been formerly of counsel therein.

and executed to him a joint deed for the same. Payne purchased with notice of the legacy charged on the land. Mary Patterson died more than two years before this bill was filed. The devisee, Joseph, had removed from the State, and left no property. Payne, the purchaser, died before the commencement of this suit, leaving the defendants, his widow and heirs at law, in possession of the land mentioned in the pleadings.

*Scott & Scott*, for the plaintiff, cited *Aston* v. *Galloway*, 3 Ire. Eq. 126; *Phillips* v. *Humphrey*, 7 Ire. Eq. 206; *Doe* v. *Woods*, Bus. 290.

No counsel, *contra*.

SETTLE J. (After stating the case as above.) This cause was set for argument upon the bill and general demurrer of the defendants, and transferred to this Court.

The complainants claim that the legacy of one hundred and fifty dollars is a charge upon the land, and as Payne purchased with notice of their equity, the land is still subject to such charge; and they pray for relief.

They are clearly entitled to the relief prayed for.

The questions involved are fully settled by the adjudications of this Court referred to in the brief of complainant's counsel.

The demurrer is overruled. This opinion will be certified.

PER CURIAM.                    Ordered accordingly.